# CHARLESTON.

## MOORE v. HUNTINGTON.

Submitted June 14, 1888.—Decided Dec. 15, 1888.

1. EVIDENCE—REVERSAL OF JUDGMENT.

The plaintiff in this case testified that she was a widow and had six children. HELD: This testimony was immaterial and irrelevant to the issue, but, inasmuch as it appears, that the damages found by the jury are not in excess of what was fully warranted by the legitimate evidence this, under the special circumstances of this case is not a reversible error. (p. 847.)

2. CONTRIBUTORY NEGLIGENCE—MUNICIPAL CORPORATIONS—SIDE-
WALKS.

A person, who uses a sidewalk or other highway, which his observation prudently exercised would inform him was dangerous,

takes the risk of such injuries, as may result to him by open and apparent defects, such as his observation ought to have detected and avoided; but, if the injury does not result from these but from another and latent defect, which no reasonable degree of prudence or care could detect, he will not be considered as taking the risk of injury from this latent defect. (p. 848.)

3. EVIDENCE—MUNICIPAL CORPORATIONS—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action against a city for injuries caused by a defective sidewalk it appeared, that the plaintiff knew, that the sidewalk was out of repair and dangerous; and it also appeared, that the injury to the plaintiff was not necessarily caused by the open and apparent defects in the sidewalk or any want of due care on her part but may have been caused by a latent defect, for which the city was responsible, and which the plaintiff could not have detected by any reasonable prudence or care. HELD : It was proper to submit the plaintiff's evidence showing these facts to the jury, and to refuse the motion of the defendant to strike out said evidence. (p. 849.)

*Simms & Enslow* for plaintiff in error.

*Doolittle & Bryan* and *Campbell & Donnella* for defendant in error.

SNYDER, JUDGE :

Trespass on the case, brought by S. E. Moore against the city of Huntington, in the Circuit Court of Cabell county, to recover damages for injuries sustained by the plaintiff in consequence of a defective sidewalk within the corporate limits of the defendant, which it was its duty to keep in safe repair. The defendant demurred to the declaration, which demurrer the court overruled, and thereupon the defendant pleaded not guilty. The issue was tried by a jury, and a verdict returned in favor of the plaintiff for $1,050.00, on which the court entered judgment after having overruled the motion of the defendant to set aside the verdict and grant it a new trial. The defendant obtained this writ of error.

The defendant offered no evidence to the jury, and the plaintiff was introduced as a witness on her own behalf and testified as follows : That she has for a number of years resided on the north side of Third avenue and corner of Twenty-Fourth street in the city of Huntington. That on the

morning of November 8, 1886, she started, with a basket of kindling wood on her arm, to the Third-Avenue school-house, which is situated on the south side of said avenue some distance west of her residence, to sweep and build a fire in said school-house, of which she was janitress, employed as such by the defendant at eight dollars per month. That in going to the school-house she passed out her yard gate; thence crossing a ditch on a plank to Third avenue, at the north end of a culvert built in and at right angles across the avenue; thence she crossed the avenue on the covering of said culvert to the sidewalk on the south side; thence, turning west, in the direction of the school-house, she stepped upon one of the planks leading from the culvert and constituting part of the sidewalk, when the plank suddenly broke at the end where it rested on said culvert, and she fell, striking her back about the shoulder-blade against the edge of the plank covering of the culvert, and her left side against the remaining plank, which was lying alongside and parallel with the plank on which she had stepped. That she became unconscious, and knew nothing for about one hour. When consciousness returned she was bleeding from the nose and mouth. That when she fell she felt something about her snap. Her fifth rib on left side was fractured, and the sixth one slightly injured; her left shoulder was hurt, and on account thereof she cannot yet raise her left hand to comb her hair. She suffers great pain in her left side and shoulder. Some nights she cannot lie down on account of smothering. That she never was sick before, except an occasional bilious spell. That since she was hurt she has never been rid of pain, or able to do any work, and has been taking medicine ever since; has had hemorrhages, and has them yet,—spitting blood. Has had tromatic pneumonia, and was in bed off and on till February 20, 1887, and in that time had typhoid fever, and became emaciated and debilitated. That the sidewalk was torn up some time in August, 1886, in order to put in the culvert; and the culvert was completed about the middle of September following. The said two planks were placed there when the culvert was completed, and were constantly used by the public from that time until plaintiff was hurt. That she had seen these planks down, and put

them up several times for the school children. The planks were not nailed down. That she passed and repassed over them twice every day since the culvert was finished. Said planks were a part of the Third-Avenue sidewalk, and passed over by many persons, day and night. There was no sidewalk on the opposite or north side of the avenue from her residence to the school-house. In going over the culvert she was always careful, knowing the planks were not nailed. Before stepping on the plank she noticed that they were well drawn upon the culvert. That she spoke to the mayor of the city about the place three weeks before she was injured. That while the culvert was building she would sometimes pass down Third avenue. There was some water on the street part of the time, but the walking was good, and the street was in as good condition as it could be while the culvert was building. She could see the culvert from her house, and know all about it. That in making the culvert it was necessary to tear up the sidewalk, and it was six or eight weeks before it was permanently replaced. That several times she saw the planks down, and put them up, and others did the same. That the plank, when she stepped on it, broke, and did not slip off. That she could have gone down the wagon road to the railroad crossing, and thus avoided the bad sidewalk, without increasing the distance very much. There was much other evidence corroborating this testimony of the plaintiff.

Other witnesses testified that the planks seemed sound, and were constantly used by the public; many persons passing over them day and night. After the plaintiff was hurt the pieces of plank were lying on the ground. One piece, six or eight inches long, was broken off, and it looked rotten. Another witness said it was decayed where it broke off.

After this evidence and more of the same character had been offered by the plaintiff, she rested, and thereupon the defendant moved the court to strike out all the evidence of the plaintiff, because it was insufficient to maintain the issue on her part, and also because it showed that she was guilty of contributory negligence, which was the cause of the injury, which motion the court overruled. The defendant then asked the court for three written instructions, which will be

hereafter noticed, and the court refused the instructions, after which the defendant asked the court to direct the jury to return with their general verdict answers to the following questions:

" (1) Had the sidewalk, at the place the injury was said to have occurred, been torn up for the purpose of repairing and constructing a culvert across Third avenue? (2) Did she see and know the nature and character of the defective sidewalk before and at the time of the injury? (3) Could the plaintiff have easily avoided the obstruction or defective sidewalk where the injury occurred by walking down Third avenue to go to the school-house,—her destination? (4) Had the sidewalk across the culvert been repaired after the culvert was completed and before the injury? (5) Did the plaintiff, Mrs. Moore, know before and at the time of the injury that the sidewalk across the culvert had not been repaired, and that it was in a dangerous condition?"— which directions the court gave. The plaintiff then requested the court to instruct the jury to also answer the following questions: " (1) Was the general public using the sidewalk in question at and before the time of the injury complained of? (2) Did the plaintiff know, before she went upon the said sidewalk, that others had been passing over said walk? (3) Did she exercise care and caution when she stepped upon the sidewalk? (4) Was the sidewalk at the place mentioned in the declaration merely out of repair and unsafe? (5) Were the planks composing the sidewalk apparently sound? (6) Would a person of ordinary prudence have gone over the sidewalk as the plaintiff did?"

The defendant objected to allowing these question to go to the jury, but the court overruled the objection, and directed the jury to answer them. To each of these six questions the jury answered, " Yes," and to the first and fifth question of the defendant they also answered, " Yes; " the fourth they answered, " No ; " to the third they made no answer, and to the second they answered, " All except the defect in the plank." To each and all of the aforesaid rulings of the court, overruling the motions and objections of the defendant, it excepted.

The first question presented by the record is the action of

the court in overruling the demurrer to the plaintiff's declaration. It is not claimed in this court, that there is any defect in the declaration, and, as there seems to be none, the court did not err in overruling the demurrer.

During the examination of the plaintiff as a witness she testified, that she was a widow and had six children. To this evidence the defendant objected, but the court overruled the objection and allowed the testimony to go to the jury. The defendant insists that this action of the court was error, and relies on *Railroad Co.* v. *Roy*, 102 U. S. 451, and Patt. Ry. Accident Law, § 372, and cases there cited. These authorities sustain the position of the defendant. The reasons assigned for excluding testimony of this character are that it has no legitimate bearing upon the issue, and that it is calculated to arouse the sympathies of the jury, and enhance the damages beyond the amount, which under all the circumstances would be a just and fair compensation to the plaintiff for the injuries received by him. All the cases to which I have access, seem to regard such evidence immaterial and irrelevant to the issue, but in a number of them the court refused to reverse the judgment, because it did not appear that the verdict was in excess of what the other evidence in the case warranted.

In *Hewitt* v. *Railroad Co.*, 34 N. W. Rep. 659, Sherwood, Judge, said : " The testimony was immaterial, but not sufficient to produce any prejudicial error, and the judgment could not be reversed therefor." And Morse, Judge, in the same case, said : " I know of no rule that would have prevented the plaintiff attending the court during the trial, surrounded by his family, had he chosen to do so. And I know of no means that could have been taken in such case to have prevented the jury from ascertaining that he had his family with him in court." See, also, *Minrick* v. *Troy*, 19 Hun 253 ; *Brennan* v. *St. Louis*, 2 S. W. Rep. 481 ; *City of Joliet* v. *Conway*, 10 N. E. Rep. 223 ; Deer. Neg. § 419.

In the case before us one of the children of the plaintiff was a witness on the trial, and it is hardly possible to believe that the jury would not have known the number of children the plaintiff had, even if this testimony had been excluded, as it should have been. But aside from this view it will ap-

pear from the testimony hereinbefore set out at some length, that considering the serious character of the injury suffered by the plaintiff and the great and irreparable damage done her the jury would have been well warranted in finding the damages they did upon the legitimate evidence in the case. While, therefore, I regard this evidence improper and irrelevant, I do not think it prejudiced the defendant, and therefore the judgment ought not to be reversed for this error alone, under the special facts and circumstances of this case. *Kerr* v. *Lunsford, ante,* p. 660 (8 S. E. Rep. 493).

It is further insisted, that the court erred in refusing to strike out all the evidence of the plaintiff, for the reason that it showed, that the injury she sustained was the direct result of her own negligence. In *Phillips* v. *County Court, ante,* (7 S. E. Rep. 427) this Court held: "If the plaintiff voluntarily incurred danger so great, that no sensible or reasonable person would have incurred it, in the absence of negligence on the part of the defendant, that exhibits a design or intention to wantonly injure him, he will be precluded from a recovery."

It is well settled as a general rule of law, that in an action against a municipal corporation for a personal injury caused by a defective street or sidewalk, the plaintiff is not entitled to recover, where he knowingly and consciously incurs danger, which there is no necessity for incurring. While a proper degree of care is required from the authorities of the city or town, upon the other hand at least ordinary care is required from the traveller or person using the highway. He can not shut his eyes against apparent dangers. He is bound to keep his eyes open and maintain a proper degree of watchfulness against danger; and it is only against accidents which result to the plaintiff while he is in the exercise of reasonable care, that the municipality is bound to indemnify him. *Fulliam* v. *City of Muscatine,* 70 Iowa 436, (30 N. W. Rep. 861); *Butterfield* v. *Forrester,* 11 East 60; Beach Contrib. Neg. § 4.

But it is equally well settled, that, when a highway is out of order, it is not *per se* negligence to use it in as prudent a way as practicable, which is to say, that using a defective highway is not negligence as a matter of law. It would be

an extraordinary rule, which made it negligence not to stay in doors, whenever the highway might be out of repair. But the care and diligence to avoid injury must be increased in proportion as the apparent risk of injury increases. Beach Contrib. Neg. § 77, and cases cited. It is evident from the authorities, that a person, who uses a street or sidewalk, which, his observation prudently exercised would inform him was dangerous, takes the risk of such injuries, as may result to him from open and apparent defects, such as his observation ought to have detected and avoided; but this is the extent of his risk. If, however, there are other latent or concealed defects, which no reasonable degree of prudence or care could detect, and he is injured by reason of this latent defect, then, if this latent defect is one, for which the municipality is responsible, he may recover for such injury, although he would not have been entitled to recover, if the injury had resulted from the open and observable defect, which he knew or ought to have known existed.

The evidence in the case before us, as well as the finding of the jury in answer to the second inquiry submitted to them on behalf of the defendant, shows, that the plaintiff did not know the plank, which broke and caused the injury to her, was defective. She knew the planks were loose, and that the sidewalk was out of repair and dangerous. The risk of these apparent dangers she voluntarily assumed. But she did not know, and no reasonable degree of prudence or care would have informed her, that the plank itself was decayed or rotten. This was a latent defect, for which the defendant was responsible by reason of its neglect in not repairing the sidewalk; and this defect may have caused the injury. By assuming the risk of the observable or apparent dangers the plaintiff did not assume the risk of this concealed defect, of which she was ignorant. If this rotten or defective plank was the proximate cause of the injury to the plaintiff, then she had a right to recover in this action; and whether it was in fact the cause of the injury was a question for the jury and not the court to determine. It would have been improper to take this question of fact from the jury by striking out all the plaintiff's evidence; and therefore the defend-

ant's motion to exclude said evidence was properly overruled by the court.

The next error assigned is that the court improperly refused the three instructions offered by the defendant to the jury. All these instructions embrace substantially the same legal proposition. The second one, which is perhaps the least objectionable, is as follows : "The court instructs the jury, that, although the defendant may have been negligent in leaving the sidewalk in the condition it was in at the time of the injury, yet, if the sidewalk was known to the plaintiff to be in a dangerous condition, it was her duty to use all care to avoid the negligence of the defendant; and if she could have gone to where she was going another way known to her, only a short distance further, it was her duty to do so, and failing to do so, she can not recover in this case."

It will be noticed, that this instruction states a general rule of law, which might be proper in certain cases, but it entirely fails to meet the real question presented in this case. It is probable, and it was within the province of the jury to find, that the injury to the plaintiff was caused not by the apparent bad condition of the sidewalk, of which she was fully aware and assumed the risk of injury caused thereby, but from the latent defect in the plank, of which she was wholly ignorant and did not legally, as we have before stated, assume the responsibility of injury, which might result therefrom. For this reason I am of opinion, that the court properly refused the instructions.

From what has already been said it is evident, that the defendant was not and could not have been prejudiced either by the special inquiries submitted to the jury at the instance of the plaintiff or by the failure of the jury to answer the third special inquiry submitted to it. The facts sought to be established by these inquiries were not disputed, and they were practically uncontroverted by any evidence or circumstances in the case. The only material one was the second inquiry propounded by the defendant, and that was fully answered. There was no fact found by any of these inquiries so contradictory of the general verdict as would warrant the setting aside of that verdict. Neither is

the verdict such as the court could set aside for the want of sufficient evidence to sustain it.

Upon the whole case, I am of opinion, that the judgment of the Circuit Court should be affirmed.

AFFIRMED.