## Mary Nicholson and Andrew Nicholson *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Defective pavement—Contributory negligence—Province of court and jury.*

In an action against a city to recover damages for personal injuries sustained by a fall on a defective sidewalk, a verdict and judgment for plaintiff will be sustained where the evidence shows that the plaintiff at the time of the accident was incumbered with various articles in her hands and arms; that the pavement at the point of the accident was out of repair, but that its real condition was not apparent to a pedestrian until it was reached; that this condition of the pavement had continued for a number of weeks without any reported accident having occurred, and that the police officers had frequently reported its condition to the city officials whose duty it was to keep the pavement in repair.

Argued Jan. 12, 1900. Appeal, No. 252, Jan. T., 1899, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1898, No. 756, on verdict for plaintiff. Before GREEN, C. J., MCCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries.

At the trial it appeared that Mary Nicholson, on July 27, 1898, between 8 and 9 o'clock in the morning, fell on a defective pavement in front of 744 South Third street in the city of Philadelphia, injuring herself seriously. The condition of the pavement is described in the opinion of the Supreme Court.

The court refused to give binding instructions for the defendant, and submitted the case on defendant's negligence and plaintiff's contributory negligence to the jury.

Verdict for plaintiff for $7,500, on which judgment was entered for $6,000, on remittitur filed.

*Error assigned* among others was (4) in refusing binding instructions for defendant.

*Chester N. Farr, Jr.*, assistant city solicitor, with `him *John L. Kinsey*, city solicitor, for appellant.—It is the duty of pedestrians using the sidewalk to look where they are going: Robb v. Connellsville Boro., 137 Pa. 42; Barnes v. Sowden, 119 Pa. 53; Buzby v. Traction Co., 126 Pa. 559; Dickson v. Hollister, 123 Pa. 421; Lumis v. Traction Co., 181 Pa. 268; Shallcross v. Phila., 187 Pa. 143.

*J. Burwood Daly, Harry A. Mackey* and *James Gay Gordon* for appellee, were not heard.

PER CURIAM, January 29, 1900:

The negligence of the officials of the city whose duty it was to keep the pavement in repair, in not heeding the frequent reports of the police officers as to the condition of the pavement in question, was so manifest that the verdict of the jury was inevitable on that subject. On the question of the plaintiff's contributory negligence the case was for the jury, and it was carefully committed to them by the learned trial judge, and found in favor of the plaintiff.

Upon an examination of the testimony we cannot say that there was error in leaving this question to the jury on the ground that the contributory negligence of the plaintiff was so apparent that the court was bound to treat it as a question of

law.   The pavement was out of repair, but there was no open hole in it or in the ground underneath the bricks.   Nor were the bricks absent; they were loose owing to the crumbling of the mortar which held them together, but they were there, and many of them in place.·  Some were displaced and some were broken.   It does not necessarily follow that injury will result from treading on such a pavement.   The fact that this condition of the pavement had continued for a number of weeks without· any reported accident having occurred, when it must have been trodden by great numbers of persons, is strong proof that it was not necessarily dangerous.   It is also testified by the ·officers who reported its condition that its real condition was not apparent to a pedestrian until it was reached, that is, it looked like ordinary pavement to one approaching until he was about to tread upon it.   It was also in evidence that the plaintiff was incumbered with various articles in her hands and arms at the moment of the accident, being engaged in moving from her former residence to another.   In these circumstances she could scarcely be expected to keep up so careful a lookout for defects in, the pavement as an ordinary foot passenger entirely unincumbered.   In view of these special facts in the situation it was the duty of the court to leave the question of contributory negligence to the jury.   These views dispose of the fourth assignment of error, and we do not think there is any merit in the other assignments.

Judgment affirmed.