PECOR, Respondent, vs. CITY OF OCONTO, imp., Appellant.

*May 5—June 23, 1905.*

*Municipal corporations: Negligence: Personal injuries: Defective sidewalk: Notice of injury: Sufficiency: Contributory negligence.*

1. In an action for personal injuries from a defective sidewalk the notice of injury correctly described the hole in which plaintiff was injured as six or seven feet from the lot line and that it was about twenty-six by fourteen inches in size. It appeared from the undisputed evidence that there was but one hole in that neighborhood; that the city officials found and inspected it after the notice was served, and that the sidewalk, at the place in question, consisted of three longitudinal twelve-inch planks. *Held,* that the notice locating the hole in "the outside edge of the sidewalk" informed the officials that some part of the hole must be in the second plank from the outside, and was not misleading.

2. It is not negligence in law for a person passing along a sidewalk composed of three longitudinal planks to step onto either of the outside ones, nor to intentionally step upon a board covering a hole with no knowledge either that there was a hole thereby concealed or that the board was so thin as to present danger of giving way under the person's weight.

APPEAL from a judgment of the circuit court for Oconto county: SAMUEL D. HASTINGS, Circuit Judge. *Affirmed.*

Action for personal injuries suffered by plaintiff in stepping into a hole broken out of a sidewalk which had been covered by a thin board insufficient to support plaintiff's weight. The sidewalk consisted of four longitudinal twelve-inch planks, of which the one nearest the fence had disappeared at the particular place in question, leaving only three. The notice described the hole as twenty-six inches long by fourteen inches wide at the exact place where the accident occurred, but in "the outside edge of said sidewalk." The testimony was conflicting as to whether it was in the outside plank toward the street or in the one next to it. All agreed that it reached the edge between the two planks. The jury

found it to have been in the inner or middle plank. They also found the various other elements of responsibility on the part of the city and that the plaintiff was not guilty of any want of ordinary care. Defendant moved to set aside the finding as to the location of the hole, to substitute answer locating it in the outside plank, and to reverse the answer as to contributory negligence; both of which motions were denied, and judgment entered on verdict, from which defendant appeals.

The cause was submitted for the appellant on the brief of *D. G. Classon,* and for the respondent on that of *F. X. Morrow,* attorney, and *Pierre Martineau,* of counsel.

DODGE, J. We can discover nothing of prejudice or error in either the answer of the jury with reference to the location of the hole in the sidewalk or in the refusal of the court to change it. The location of the hole was correctly described in the notice as six or seven feet from the lot line, and the city officers were notified that it was about twenty-six by fourteen inches, which informed them that some part of it must be in the second plank from the outside; and the evidence is entirely undisputed that there was but one hole in that neighborhood, and that the city officers found and inspected it after the notice was served. Clearly, the description of such a hole as in the outer edge of the sidewalk neither could nor did in any wise mislead.

We cannot bring ourselves to appellant's view that it is negligence in law for a person passing along a sidewalk composed of three longitudinal planks to step onto either of the outside ones. Presumptively the whole width of the sidewalk is safe, and we do not think it matter of common knowledge that the ordinarily careful person always confines himself or herself to the exact center of the sidewalk. Neither can we say that it would have been negligence in law if the plaintiff intentionally stepped upon the board covering this

hole with no knowledge either that there was a hole thereby concealed or that the board was so thin as to present danger of giving way under her weight. If the danger was not obvious and she had no knowledge of it in fact, it cannot be said as a matter of law that she was guilty of negligence in coming in contact with it.

These are the only two errors assigned, and in them we find nothing of merit.

*By the Court.*—Judgment affirmed.