# Hallowell *v.* Richland Twp., Appellant.

*Negligence—Municipalities—Highways—Defective bridge—Evidence—Case for jury—Roadmaster—Notice—Townships.*

A township is liable for injuries to an automobile resulting from a defective bridge, where it appears that for two months prior to the night of the accident, the planks upon the bridge had been so loose that they rattled or sprung out of their places when vehicles passed over them, that when in this condition it was dangerous to drive or work on the bridge, and that the roadmaster attempted to fasten the plank to the sleepers, but because of the sleepers' rottenness, the spikes would not hold.

In such a case the township is not only charged with constructive notice, but also with direct notice through the knowledge of the roadmaster, inasmuch as he is such an officer that notice to him is notice to the township.

Argued March 15, 1916.    Appeal, No. 303, Oct. T., 1915, by defendant, from judgment of C. P. Bucks Co., Dec. T., 1913, No. 31, on verdict for plaintiff in case of Robert M. Hallowell v. Richland Township.    Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WIL-LIAMS, JJ.    Affirmed.

Trespass to recover damages for injuries to an automobile resulting from the defective condition of a township bridge.    Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $600.    Defendant appealed.

*Errors assigned* were various rulings and instructions.

*Harry E. Grim* of *Grim & Grim,* with him *Charles H. Ortt,* for appellant.

*C. William Freed,* with him *G. Herbert Jenkins,* for appellee.

OPINION BY KEPHART, J., July 18, 1916:

A municipality is bound to keep its highways in a fairly safe travelable condition, and travelers are entitled to presume that it will do so: March v. Phœnixville Borough, 221 Pa. 64; Rufo v. Philadelphia, 58 Pa. Superior Ct. 638.    It is not an insurer against accidents from all defects in its highways, latent as well as patent, but is answerable for neglect in its duties in the construction and care of them.    For a defect arising in them, without its fault, it is not liable unless it has express notice or

the defect be so notorious as to be evident to all passers. But the mere absence of notice will not relieve the municipality of liability if, by reasonable inspection, the condition could be ascertained, or if, through the character of the defect it should have been known that deterioration, dilapidation and decay causing the defects were the natural and ordinary consequences of the construction employed. The failure of the defendant to keep in proper repair the wooden bridge leading from Quakertown to the Quakertown and Sellersville turnpike, was the negligence charged and proven in this case. For two months prior to the night of the accident the planks upon the bridge had been so loose that they rattled or sprung out of their places when vehicles passed over them; and when in this condition it was dangerous to drive or walk on the bridge. It further appeared that the roadmaster attempted to fasten the plank to the sleepers, but because of the sleepers' rottenness, the spikes would not hold. The kind and length of time the material was used, in addition to the open, visible defects existing for the period of time here complained of, were sufficient to charge the defendant with notice of the condition of the highway. The failure of the defendant to provide a safe highway was in violation of a duty it owed to the traveling public, and the municipality would be liable for the injuries occasioned thereby. The road supervisors were required to do what was practicable to be done, and to preserve a reasonable condition of safety with reference to the kind of highway, and the amount and kind of travel it accommodates. They were bound to use reasonable and ordinary care according to the circumstances: Ackley v. Bradford Township, 32 Pa. Superior Ct. 487.

We need not depend on constructive notice to the township. The roadmaster, while engaged in the duties which brought him in contact with the defect in this bridge, knew of its condition; his knowledge would charge the defendant with actual notice of the defective condition of the highway. A roadmaster is such an officer of the

township and his duties are such that notice to him of a defect in a highway would be notice to the township. These officers have a wide range of duty in the several territories in which they work and it would be contrary to the general public welfare to say that notice to them would not be notice to a municipality.

The measure of damages adopted by the court was that laid down in Price v. Newell, 53 Pa. Superior Ct. 628, and there was no error committed in permitting inquiry bearing on this measure of damages. The objections to the testimony of Robert M. Hallowell cannot be sustained. It was not the question itself but the repetition of it that was objected to; and when the answer was given, not responsive to the question, no motion was made to strike it out. The objection to the question as to what was necessary to be done to the damaged car was properly overruled. Many of the assignments are not within our rules and cannot be considered. The testimony of Mr. Kile called for an opinion and as such was properly disregarded.

The sixteenth assignment of error, relative to the point affirmed by the court, must be dismissed. The point as presented was unintelligible. Its affirmance did no harm; the appellant was not prejudiced as the court clearly stated the exact rule of law governing the case in affirming appellant's points. Many of the objections to evidence were trivial, and the assignments based on them present no question of merit.

The assignments of error are overruled and the judgment is affirmed.