# Hall v. Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Passengers—Safe place to alight—Case for jury.*

In an action to recover damages for injuries sustained by stepping in a hole, while alighting from the defendant's train, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence establishes the fact that the plaintiff stepped

into a hole in the footway over the tracks leading to the platform of the defendant's station and was injured.

Under such circumstances defendant's negligence and plaintiff's contributory negligence were for the jury.

Argued November 17, 1919. Appeal, No. 3, Oct. T., 1919, by defendant, from judgment of C. P. Bradford County, May T., 1914, No. 96, on verdict for plaintiff in the case of Warren Hall and Eunice E. Hall v. Lehigh Valley Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $500 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment for defendant non obstante veredicto.

*J. Roy Lilley*, and with him *William P. Wilson*, for appellant.

*Charles M. Culver*, and with him *D. E. Kaufman*, for appellee.

OPINION BY LINN, J., February 28, 1920:

The only complaint is that the court declined judgment non obstante veredicto. As the record contains evidence justifying the verdict, we must affirm the judgment.

Plaintiff, on May 9, 1913, a passenger on defendant's train arriving at East Towanda station, sustained injury by stepping into a hole while walking from the point where she alighted from the train, across a ballast path or space separating from an adjoining track the

track on which the train stood, which ballast space and track it was necessary to cross to reach a platform extending from the station building to or beyond the point at which she alighted.

She alleged that defendant failed to provide a reasonably safe way to the station platform from the point where she alighted. She alighted at a point where defendant desired passengers to alight, and described the accident as follows: "When I got off the train and when he (trainman) handed me the basket of eggs (containing six dozen) I took it and carried it to carry it carefully, for they was choice eggs to set, and I was very careful of the eggs, and I was looking right ahead of me to go over to get across to the platform, and as I got to the eastbound—just before I got to the eastbound track there was a hole down towards the track by the tie, and that my foot went down, and it just throwed me, struck my right leg here right on the rail, ......" The hole is not well described in the evidence for purposes of review. After her foot went into this hole she saw it and describes it as follows: "I saw a hole big enough so my foot went in up till there (indicating); that it went in and it just tipped me right over." Again she said, it "might have been that deep (indicating)." But the record contains nothing to show what she indicated. A question put to her suggests that it may have been "three or four inches deep," which she answered by saying "somewhere along that ......"; she also said it was wider than her shoe. We cannot say that the court erred in submitting the evidence of defendant's negligence to the jury as the court and the jury saw what the witness "indicated," and had the benefit of those illustrations in considering the case, which are lacking in the printed record.

Defendant called its supervisor, who testified in part as follows:

"Q. You have no recollection of making any repairing along there in that track or the space between the

two tracks in the spring of 1913?   A. Well, I don't remember; the early spring, after the ice went off, we always,—the track walker fills up any little holes that come, but after that there was no repairs made, there was no general repairs.

"Q. Holes do occasionally exhibit themselves along there, do they?   A. Oh, yes."

Nor can we hold that plaintiff was negligent; her contributory negligence was for the jury and the court below instructed the jury clearly and fully on the subject: Becker v. Philadelphia, 212 Pa. 379; Nicholson v. Philadelphia, 194 Pa. 460; Iseminger v. York Haven W. & P. Co., 206 Pa. 591.   Twersky v. R. R. Co., 261 Pa. 6, relied upon by appellant, is not in the way; plaintiff in that case was unencumbered with baggage of any character and was alighting at a platform faultless in construction; in the case before us, appellee was encumbered with baggage and the defect in the passageway was established.   The jury was permitted to view the place where the accident is said to have occurred; a number of witnesses were called by both sides to testify as to plaintiff's reputation for veracity.

The judgment is affirmed.