Day, J.
 

 This record presents a single question: Was the plaintiff, Anna Sorna, guilty of contributory negligence as a matter of law, which should prevent her from recovery in this case?
 

 The claims of the respective parties may be thus stated: The construction company contends that a pedestrian may not attempt to pass over a defective condition in a city street in broad daylight when the condition is plainly visible, and of which condition the pedestrian has previously had full knowledge, and then, if injured while attempting to pass over such defective condition, recover damages, when there is another convenient and accessible way for the pedestrian to use to avoid the defective condition in the street. The plaintiff, Anna Sorna, denies there was another convenient and accessible way for her to use, but claims that the same required her to pass over two sixteen-foot strips of muddy dirt road and cross a pavement filled with traffic, or to proceed along such pavement, with its traffic, to her point across the intersection of Anthony street; that while she knew of the condition of the street at the crosswalk, as to its being excavated, she did not know the hidden or latent defect, to wit, the dangerous condition of the bank and its liability to crumble and precipitate her to the street below. Her testimony tends to support her contention.
 

 From an examination of the record, it is apparent that it was not the excavation in the street which caused Mrs. Sorna’s injury, but the crumbling of the bank, which she claims defendant had negligently
 
 *265
 
 failed to properly guard by boards, or by cutting steps, or by slanting back so as to protect persons desiring to use the crosswalk at that place. Whether under such circumstances the defendant construction company was negligent, and whether such negligence proximately caused the plaintiff’s injury, and whether she herself contributed thereto by her own want of due care or by her failure to take an alternative way, were all questions for the jury— found adversely to the construction company.
 

 Plaintiff in error relies upon the principle of law announced in
 
 City of Norwalk
 
 v.
 
 Tuttle,
 
 73 Ohio St., 242, 76 N. E., 617, 618, the second paragraph of the syllabus there providing:
 

 ‘ ‘ One who voluntarily goes upon a sidewalk of a city, which is obviously, and by him known to be, in a dangerous condition, cannot recover on account of injuries which he may thereby sustain, even if the negligence of the city is admitted or shown.
 
 (Schaefler
 
 v.
 
 City of Sandusky,
 
 33 Ohio St., 246 [31 Am. Rep., 533], and
 
 Village of Conneaut
 
 v.
 
 Naef,
 
 54 Ohio St., 529 [44 N. E., 236], approved and followed.)”
 

 This principle of law is well settled in Ohio, and this court so recognizes. However, we do not regard the same as applicable to this case, for the reason that Mrs. Sorna’s injury was not caused by the open and apparent defects of which she had knowledge, to wit, the excavated street, but by another latent, hidden defect in such street or crossing, of which she had no knowledge, to wit, the condition of the bank and its liability to crumble, although she had passed in safety over the same route on previous occasions, using the crossing in about the same way she did at the time of the injury, which bank the de
 
 *266
 
 fendant negligently failed to properly protect and safeguard.
 

 This distinction is recognized in the leading case of
 
 Schaefler
 
 v.
 
 City of Sandusky, supra,
 
 where, in the opinion, it is said: “The case, as found by the special verdict, is not one where there is an obstruction not known to be perilous. In that class of cases negligence can not be imputed to one who uses such carefulness as a man of ordinary prudence would exercise. But where there is danger, and the peril is known, whoever encounters it, voluntarily and unnecessarily, can not be regarded as exercising ordinary prudence, and therefore does so at his own risk. ’ ’
 

 The plaintiff in error contends that the expression, “where there is an obstruction not known to be perilous * * # negligence can not be imputed to one who uses such carefulness as a man of ordinary prudence would exercise,” is obiter and not necessary to the decision of that case. Be that as it may, the proposition of law as stated is a sound one and is well established in the authorities. 21 L. R. A. (N. S.), 638; 13 Ruling Case Law, page 478;
 
 Moore
 
 v.
 
 Huntington,
 
 31 W. Va., 842, 8 S. E., 512; McQuillin on Municipal Corporations (2d Ed.), Vol. 7, page 274, Section 3014;
 
 Missouri & Kansas Telephone Co.
 
 v.
 
 Vandervort, 71
 
 Kan., 101, 79 P., 1068, 6 Ann. Cas., 30;
 
 Nich olson
 
 v.
 
 City of Philadelphia,
 
 194 Pa., 460, 45 A., 375; White’s Negligence of Municipal Corporations, page 682, Section 581; page 735, Section 620; page 743, Section 628;
 
 Pecor
 
 v.
 
 City of Oconto,
 
 125 Wis., 335, 104 N. W., 88;
 
 Mosheuvel
 
 v.
 
 District of Columbia,
 
 191 U. S., 247, 24 S. Ct., 57, 48 L. Ed., 170.
 

 As stated in 43 Corpus Juris, page 1092: “Nor is
 
 *267
 
 it negligence to use a way known to be merely defective, but believed to be safe with ordinary caution. In considering whether or not plaintiff exercised proper care in taking the route he did, the fact that such route was generally used by the public, or that the alternative route was also dangerous, or was long and difficult, should be taken into consideration.” See, also,
 
 City of Toledo
 
 v.
 
 Smith,
 
 79 Ohio St., 459, 87 N. E., 1133, affirming
 
 Smith
 
 v.
 
 City of Toledo,
 
 11 C. C. (N. S.), 167, 20 C. D., 454.
 

 McQuillin, in his work on Municipal Corporations (2d Ed.), Volume 7, page 283, quoting
 
 March
 
 v.
 
 Phoenixville Borough,
 
 221 Pa., 64, 70 A., 274, says: “Where the traveler has knowledge of a defect in the highway, it does not follow, as a legal consequence, that he must, under all circumstances, avoid the use of it, and reach his destination in some other way. It is a question of the character and imminency of the danger, and the difficulty or inconvenience of avoiding it. If the danger was serious and imminent it might be the traveler’s duty, as a matter of law, to avoid it at any inconvenience. If, however, the danger was trifling, and the inconvenience of taking another way was so great that an ordinarily prudent man would not subject himself to it, it would not be negligence not to do so. Between these extremes are the countless gradations of danger and ways of avoiding it, depending on the circumstances. ’ ’
 

 To summarize: The evidence tends to show the crosswalk was open for travel; that the plaintiff walked where other pedestrians, going to and from the grocery and using the crosswalk, had gone with safety. She.attempted to use the crosswalk just as
 
 *268
 
 she had done upon previous occasions with safety. The evidence tends to show that no boards or other provisions of safety, such as steps or a slant-back, were provided by the construction company, and so, using the crosswalk with prudence at the time and place in question, as she had previously done, with no knowledge of this hidden danger or latent defect, the same crumbled under her feet and she was thrown to the street.
 

 The defendant introducing no testimony, and the rule applying that the most favorable view must be taken of plaintiff’s evidence upon the motion to direct a verdict, we think whether or not the plaintiff was thus guilty of contributory negligence in proceeding as she did, or in not taking an alternative way, presented a case for the consideration of a jury.
 

 As to the special finding by the jury upon the question whether or not the plaintiff saw and knew the nature and character of the
 
 excavation
 
 on Anthony street before and at the time of passing over it, which the jury answered in the affirmative, we think that such is not inconsistent with the general verdict. The plaintiff was not injured because of the “nature and character of the excavation,” but because of the nature and character of the dirt bank and its likelihood to crumble, of which she did not know, but which the defendant negligently failed to guard and protect; nor was there any inquiry of the jury in that regard, but simply as to the excavation, the existence of which the plaintiff knew because she had passed over the same on several previous occasions. The special findings in the
 
 Schaefler case, supra,
 
 were far more comprehensive and doubtless
 
 *269
 
 showed clearly the contributory negligence of Schaefler. No such conditions exist in the present record, and the answer to the interrogatory submitted by no means discloses facts inconsistent with the general verdict.
 

 We are of opinion that the Court of Appeals was correct in affirming the judgment of the common pleas court, and in so doing its judgment is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias and Allen, JJ., concur.