## CINCINNATI (City) v GREEN

Ohio Appeals, 1st Dist, Hamilton Co
No 3702.  Decided July 7, 1930

John D. Ellis and Milton H. Schmidt, both of Cincinnati, for City.

Lester G. Hilpp and Leo J. Brumleve, both of Cincinnati, for Green.

ROSS, J.

The evidence shows that defendant in error for many years had lived in the immediate vicinity of the accident and that during this period, had traversed the sidewalk hundreds of times, and that she must have been familiar with the condition and the very defect which caused her injuries, in spite of the fact that she denied that she knew of the identical defect which caused her fall.

"Q. We are beyond that point, I am getting here at Glencoe Place; I want to know whether you always walked on that sidewalk on the south side of Glencoe Place?

A. Where I fell?

Q. Yes?

A. Always.

Q. You never took the other side?

A. Well I have taken it; the time when I first went to the hotel I took my mother for a walk, but it was so terrible. That is when I first went there; I would always say I would never go again, it was impossible.

Q. That was nine years ago?

A. Yes; probably took her for a little walk about twice.

Q. Since that time, nine years ago, you never used the north side? side?

A. I have never used that north side on account of the danger of everything.

Q. So that day you were walking along the south side?

A. On the south side.

Q. I suppose you have walked that on an average of at least twice a day—

A. Oh no—twice a day? Go out in the morning and return.

Q. That is what I mean, and that is for seven years, you say?

A. Not quite seven years; I told you before—

Q. Of course, many of those trips— most of them were made during the day?

A. In the morning and when I came home in the afternoon at different times, sometimes two, three, four o'clock, no regular time.

Q. You were fairly familiar with this sidewalk on that side of the street, weren't you, Mrs. Green?

A. Familiar?

Q. Yes?

A. I knew it was not in such good condition, naturally.

Q. That is exactly what I meant; and you knew what that sidewalk was like?

Mr. Brumleve: She just answered that if your Honor please; she admitted that; why the repetition?

A. Everybody knows it had cracks and pieces off and holes in, but I didn't exactly know where all these places

were—didn't take that particular notice.

Q. This point around the tree, you saw that many times before this night you fell?

A. You mean around the sloping of the tree?

Q. You saw that many, many times before the night you fell?

A. Well of course, naturally.

Q. You knew what the situation was there with reference to the blocks being tilted above the adjoining block?

A. Like everybody else, you pass—

Q. Not like everybody else, but just what you knew?

A. Of course you know—naturally I knew the tree was there and it sloped somewhat.

Q. And you knew the sidewalk was in the condition the picture represents it to be?

A. I knew the slope but particularly I didn't notice on account of those cracks and everything—your eyes never notice those things.

Q. You never noticed those cracks before?

A. Not particularly so much.

Q. What do you mean—not particularly?

A. Here and there just at certain spots —you go along, you don't notice so very much—know it's in a bad condition, certainly.

Q. Did you know that place you fell was bad?

A. No sir, I didn't.

x x x x x x x

Q. And a period of 7 years that you lived there and were working before this accident—on an average of twice a day during all that time you walked over this sidewalk?

A. Yes sir.

Q. And you say you never noticed that point?

A. Particularly, no.

Q. Didn't it impress you it was very bad?

A. I said it was bad, there were cracks, but I didn't notice exactly those little holes all over; there were cracks in different parts of the sidewalk— I did notice somewhat that slope, yes.

Q. In other words, you didn't pay particular attention—you thought it all right to walk there?

A. It certainly was all right to walk on that side, more so than the other side—a thousand times."

There was, therefore evidence that the defendant in error knew that the way she selected was defective. She also knew that the alternate ways were in worse condition.

It was a question for the determination of the jury whether her selection constituted contributory negligence. The general rule is stated in the first paragraph of the syllabus in the case of **Highway Construction Co. v. Sorna, 122 Oh St., 258,** (Ohio Bar May 20, 1930). The rule applicable where a choice of ways has been made by one injured is stated in the opinion, pp. 266, 267:

"As stated in 43 Corpus Juris, page 1092: 'Nor is it negligence to use a way known to be merely defective, but believed to be safe with ordinary caution. In considering whether or not plaintiff exercised proper care in taking the route he did, the fact that such route was generally used by the public, or that the alternative route was also dangerous, or was long and difficult should be taken into consideration.' See, also, **City of Toledo v. Smith, 79 Oh St., 459, 87 N. E., 1133,** affirming Smith v. City of Toledo, 11 C. C. (N. S.), 167, 20 C. D., 454.

"McQuillen, in his work on Municipal Corporations (2d Ed.), Volume 7, page 283, quoting March v. Phoenixville Borough, 221 Pa., 64, 70 A., 274, says: "Where the traveler has knowledge of a defect in the highway, it does not follow, as a legal consequence, that he must, under all circumstances, avoid the use of it, and reach his destination in some other way. It is a question of the character and imminency of the danger, and the difficulty or inconvenience of avoiding it. If the danger was serious and imminent it might be the traveler's duty, as a matter of law, to avoid it at any inconvenience. If, however, the danger was trifling, and the inconvenience of taking another way was so great that an ordinarily prudent man would not subject himself to it, it would not be negligence not to do so. Between these extremes are the countless gradations of danger and ways of avoiding it, depending on the circumstances."

The case under such facts was properly submitted to the jury, and the judgment will be affirmed.

Cushing, PJ, and Hamilton, J, concur.