Lamneck, J.
The city has listed six assignments of error in its brief filed in this court, but it stresses the following:
1. That no qualified nuisance was proved by the plaintiff.
2. That the plaintiff’s own evidence raised an unrebutted inference of sole or contributory negligence.
3. -That it was not proved that the city had actual *234 or constructive notice of the alleged defective condition of the sidewalk.
4. That the trial court erred in giving and refusing to give certain special charges.
Section 3714, General Code (Section 723.01, Revised Code), provides in part:
“Municipal coi’porations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of * * * streets, avenues, alleys, sidewalks * * * within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
In construing Section 3714, General Code, this court has made a number of pronouncements which must be considered as fundamental.
1. A municipality is not, as a matter of law, an insurer of the safety of persons in the use of its streets and sidewalks. Taylor v. City of Cincinnati, 143 Ohio St., 426, 55 N. E. (2d), 724, 155 A. L. R., 44.
2. A municipality, as a matter of law, cannot be held responsible as to every depression, difference in grade or unevenness in its streets and sidewalks. Deckant v. City of Cleveland, 155 Ohio St., 498, 99 N. E. (2d), 609.
3. A variation of from one-half to three-fourths of an inch in the height of adjacent sections of a sidewalk is a slight defect and does not constitute a qualified nuisance. Kimball v. City of Cincinnati, 160 Ohio St., 370, 116 N. E. (2d), 708.
The court in Kimball v. Cincinnati, supra, quoted with approval the following statement contained in the opinion in Gastel v. City of New York, 194 N. Y., 15, 86 N. E., 833, 128 Am. St. Rep., 540:
“We think we may take judicial notice of the fact which ordinary observation discloses that there is scarcely a rod in the streets of any city in which there *235 may not be discovered some little unevenness or irregularity in sidewalks, crosswalks, curbs, or pavements. As the result of various causes, climatic and otherwise, they are constantly occurring and recurring. Ordinarily they cause no difficulties, and it would require a vast expenditure of money to remove them all.' The recent tendency of the law as evidenced by legislative enactment has been in the direction of making less rather than more stringent the rules of municipal liability in such cases, and, directing our considerations to the precise facts here presented, we think we should be disregarding those principles of liability which are justified by reason and public policy if we should permit a recovery.”
The Court of Appeals in the instant case came to the conclusion that this was a borderline case. This was no doubt due to the fact that it is almost impossible to lay down a common-sense rule applicable to all sidewalk cases, which will not impose upon municipalities impossible financial and administrative burdens and at the same time make sidewalks reasonably safe for public use.
The difficulty arises in fixing precise bounds between those abrupt raises and depressions from which negligence may be inferred and those which, as a matter of law, do not constitute negligence. Nearly all trial courts have had difficulty in determining whether a particular defect in a street or sidewalk does or does not constitute negligence. However, where the irregularity is slight, the court should, as a matter of law, hold that such unevenness is not evidence of negligence. We feel that, where a case presents only a situation of an abrupt raise of a few inches and there are no other defects, such raise should be considered as a slight defect which may ordinarily be expected.
An abrupt raise in a sidewalk does not of itself constitute negligence on the part of the municipality. All *236 the attendant circumstances should be taken into consideration, and whether a sidewalk is reasonably safe or dangerous for travel does not depend alone upon the matter of elevation or depression. The locality, the amount of use and travel, the condition of the sidewalk as a whole, whether it is in a business or a residence neighborhood, and whether it is in a solidly or sparsely built up section are all circumstances which must be taken into consideration in addition to an elevation or depression. A cinder walk cannot be maintained as even as a brick or concrete one. A municipality is not required to maintain any particular type of sidewalk.
In Sears v. Town of Greenfield, 287 Mass., 445, 192 N. E., 1, it is stated:
“ Manifestly an extent or character of a projection or depression in a highway [or sidewalk] which, under one set of attendant circumstances, would amount to an actionable defect by reason of the statute would not necessarily, under other and different conditions, constitute such a defect.”
If the difference in elevation of adjoining parts of a sidewalk is so great that no reasonable mind could say it is not dangerous, and a municipality had actual or constructive notice of such defect, the case should be submitted to the jury with instructions to determine whether the condition under all the attendant circumstances shown in evidence was the direct and proximate cause of a claimed injury. On the other hand if the difference in elevation or depression is slight and such as must be expected and endured, then the case should be taken from the jury.
There is evidence in this case tending to show that on- the evening of March 3, 1949, the plaintiff, aged 37 years and in good health, was walking eastwardly on the north sidewalk of Eighth Street in the city of Cincinnati; .that, while walking in an ordinary manner *237 and as he approached the intersection of Eighth and Sycamore Streets, he attempted to turn northwardly into Sycamore Street; that, as he was making the turn, he stepped into a triangular hole in a section of the sidewalk adjacent to an abrupt raise caused by the buckling of cement blocks and as a result fell to the ground and was injured; that the sidewalk was cracked and broken; that “the concrete slabs were raised [and] some loivered about anywhere from an inch and a half to two inches”; that the condition had existed from a year to a year and a half; that the plaintiff was a stranger to the neighborhood; that it was twilight and an electric light on a stanchion located near the curb on Sycamore Street and on a projected line of the north edge of the Eighth Street sidewalk was lighted and there were other lights in the neighborhood; and that the plaintiff did not see either the offset or the depression before he fell while in the act of turning to go north on Sycamore Street.
As defined in Taylor v. Cincinnati, supra, “a qualified. nuisance or a nuisance dependent upon negligence consists of anything lawfully, but so negligently or carelessly done or permitted as to create a potential or' unreasonable risk of harm, which, in due course, results in injury to another.”
Applying this rule of nuisance to the evidence above set forth, we are of the opinion that the condition of the sidewalk was such that it could reasonably be inferred that it was not in ordinary repair and not in a reasonably safe condition for travel in the usual and ordinary mode.
- Did the plaintiff use ordinary care for his own safety? There is evidence to show that he did not see the defect; that he was looking straight ahead in order to make the turn and to avoid collision with other pedestrians who might be walking on the cross street; that he was a stranger to the neighborhood; and that *238 the street lights were turned on early on the date of the accident.
A pedestrian is required to use his senses to avoid injury while walking on a sidewalk, but this does not mean that he is required as a matter of law to keep his eyes upon the sidewalk at all times. It may be necessary to keep a lookout for traffic and other pedestrians to avoid collision. Where a defect is clearly discernible from a reasonable distance, the failure to see and avoid it constitutes contributory negligence.
In Highway Construction Co. v. Sorna, 122 Ohio St., 258, 171 N. E., 312, it was held:
“One using a sidewalk, crosswalk, street or highway, which ordinary and reasonable care would inform him was dangerous, takes the risk of such injuries as may result to him by open and apparent defects, such as his observation ought to have detected and avoided.”
But there is no such want of ordinary care on the part of the plaintiff in the instant case. We are unable to find that the plaintiff’s own evidence raised an unrebutted inference of sole or contributory negligence which was the proximate cause of the accident and the resulting injuries.
The mere fact that a pedestrian who is not negligent falls as a result of a defect in a sidewalk is not sufficient to establish liability of a municipal corporation. It must be shown also that the municipality had either actual or constructive notice of such defect. As there is no claim that there was actual notice in this case, constructive notice must be proved before the plaintiff can recover.
There is evidence that the alleged defect was in existence from a year to a year and a half. We believe that it was a function of the jury to determine from such evidence, under proper instructions, whether the condition complained of had existed for such a period of time and under such circumstances that a *239 reasonably prudent person, having charge of such matters for the city, in the exercise of ordinary care would have known of such condition.
We have examined the general charge of the trial court on ordinary care, constructive notice and contributory negligence, and we find no error therein.
We also find that the court did not err in giving special charge No. 3, relating to pedestrians keeping their eyes on the sidewalk; in giving special charge No. 4, relating to the duty of pedestrians in using their senses while, walking on a sidewalk; or in giving special charge No. 5, relating to the duty of a city under Section 3714, General Code.
We think that the refusal of the court to give the city’s requested charge No. 12, relating to ordinary care to be exercised by a pedestrian in voluntarily crossing a defect in a public sidewalk, did not constitute reversible error because its terminology was not applicable in full to the facts. The court properly charged on ordinary care in the general charge.
If Section 3714, General Code (Section 723.01, Revised Code), places too great a burden on the financial ability of municipalities to operate under it, that is a question for legislative consideration. This court in the exercise of judicial functions may not nullify a constitutional statute by judicial decree.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman and Stewart, JJ., concur.
Middleton, Taet and Hart, JJ., dissent.