HAUER, Admr v FRENCH BROTHERS BAUER COMPANY

Ohio Appeals, 1st Dist, Hamilton Co

No. 3933. Decided Nov 23, 1931

Messrs. Hauer, Topmoeller & Arnold, and Messrs. DeCamp, Sutphin & Brumleve, Cincinnati, for plaintiff in error.

Harry Neal Smith, Cincinnati, for defendant in error.

HAMILTON, J.

The trial court granted a motion for non-suit presumably on the proposition of failure of proof of the cause of the injury and, or the assumption of risk by decedent.

Under §1027 GC, sub-section 1, the defendant, The French Bros. Bauer Company owed the duty to case or box all shafting located horizontally near the floors. This it failed to do, and this failure constituted negligence.

Under the provisions of §871-13 sub-section 5, and §871-15, §871-16, GC, the defendant, The French Bros. Bauer Company owed this duty to the decedent, for the reason that he was a frequenter on the premises and not a trespasser.

It is argued that the decedent assumed the risk by going into this place of danger. The doctrine of assumption of risk, as' we understand it, has always been held to apply in a suit between an employer and an employe, and would have no application to an employe of an independent contractor. On this proposition we cite:—39 Corpus Juris, 708, and cases there cited: also, 18 R. C. L., 180 and cases cited. However that may be, we are of opinion that the doctrine of assumption of risk no longer obtains in view of the statutes above refered to, which are designed for the protection and good of the whole community. if this proposition were to obtain it would nullify the object of the statutes; which is, to protect frequenters as well as employes of the owners or operators of unprotected

machinery.

The record discloses proof of the maintenance of the unprotected shaft contrary to law by The French Bros. Bauer Company.

We have found there was no assumption of risk by the decedent being on the premises.

No presumption of contributory negligence is raised by the evidence of the plaintiff, and since there was no evidence offered on behalf of the defendant, no contributory negligence was shown. This answers the proposition that the decedent might have turned off the switch, thereby stopping the shaft while he was at work.

There is, however, a dearth of evidence on the question of how the accident happened. In other words, was the maintenance of the unprotected shaft the proximate cause of the injury? No one who was called to testify saw the accident. No one saw the position of the decedent with relation to the unprotected shaft. The only evidence on the proposition is, that he was seen lying on the floor away from the shaft. At the close of plaintiff's evidence, there was no evidence connecting his injury with the shaft, except that near the shaft was some blood, and that decedent's clothing was torn.

The plaintiff below filed a motion for a new trial, and newly discovered evidence was one of the grounds urged. He presented the deposition of one Fisher, who testified in his deposition that he heard a grinding noise and the stopping of the turning of the shaft; that, on investigating, he found the decedent wound up in the shaft; that long pieces of twine which were attached in some way to the person of the decedent were twisted around the shaft, and had pulled the decedent into the shaft; that he cut the decedent loose and laid him on the floor in the room in which he had been working. That he was later taken to the hospital.

The reason Fisher was not called at the trial is set forth in the affidavit, which states, that since the trial of the case plaintiff discovered a witness who lives outside the jurisdiction of the court and outside the State of Ohio, which witness realized that the machinery in the shafting was not working properly, and, upon investigation, discovered Hartman caught in the shafting and released him. There was no counter-affidavit filed, and no claim was made of lack of diligence on the part of the plaintiff's counsel in procuring the witness. This witness was the witness Fisher, who, in his deposition, stated all the facts necessary to connect the decedent's injury with the unprotected shaft.

The trial court should have granted the motion for a new trial on the ground of newly discovered evidence. Without such proof, plaintiff could not recover. Had the proof tendered on the motion for a new trial been produced at the trial, it would have required the submission of the case to the jury, the absence of which defeated the plaintiff.

The importance of this is further shown on page 10 of the record in the rulings of the court on the admission of evidence, where the plaintiff's witness Waterman was being interrogated by counsel for plaintiff:

"Q. Where was Mr. Hartman when you first saw him?

A. He was out in the room along the north wall, just a short way from the door that goes up from the stairway on the floor. He had some hair felt there and he was laying on the hair felt.

Q. Was it the same room in which the tanks were, or in another room?

A. In the same room.

Q. Was he conscious when you saw him?

A. Yes sir.

Q. Do you recall what he said at that time?

Mr. Smith: I object, if Your Honor please.

The Court: That would not be res gestae, in other words, you have not established a res gestae declaration.

Q. Were you there alone with Mr. Hartman, at the time you saw him lying on the floor?

A. No sir.

Q. Who else was there.

A. Oh, there was anywhere from six to a dozen people that were attracted there—that came there.

Q. Did he say anything to you in regard to how the accident happened?

Mr. Smith: I object.

The Court: The objection is sustained."

The ruling out of this declaration was error. See: **Taylor v. Industrial Commission of Ohio, 13 Oh Ap, 262,** and cases therein cited.

Had there been an exception reserved by counsel to these rulings on the tender of the declaration of the decedent as to how the accident happened and error claimed, it would require a reversal of the case on that

ground. The record does not disclose that any exception was taken, and the ruling on this question is not argued as a ground for reversal. Had this evidence been admitted, Fisher's evidence as indicated in his deposition would not have been ground for reversal, as it would have been but cumulative.

This is sufficient to indicate that this newly discovered evidence was vital to the plaintiff's case.

For error in overruling the motion for a new trial, on the ground of newly discovered evidence, the judgment will be reversed, and the cause will be remanded for a new trial.

ROSS, PJ, and CUSHING, J, concur.