## LORAIN (city) v GRIFFITH

Ohio Appeals, 9th Dist, Lorain Co

No 725.   Decided Jan 17, 1935

Wesley L. Grills, City Solicitor, Lorain, and Milton Friedman, Lorain, for plaintiff in error.

Levin & Levin, Lorain, for defendant in error.

## OPINION

By WASHBURN, PJ.

The parties will be referred to as they appeared in the trial court.

Plaintiff brought her action against the defendant to recover damages for an injury which she suffered while using a crosswalk in one of the streets of the city, her claim being that the crosswalk was defective, and that because of such defect she fell and injured herself. The verdict was in her favor, and a judgment was entered against the city.

The city claims that said judgment should be reversed for the following errors: first, error in overruling the defendant's motion for a directed verdict in its favor, made at the conclusion of plaintiff's evidence and renewed at the close of all the evidence; second, error in the admission of certain testimony offered by plaintiff; third, error in the charge of the court; and fourth, that the verdict is against the weight of the evidence and was the result of passion and prejudice.

Concerning the first claimed error, the record discloses that the defect in the crosswalk was one that had existed for a long time, and that the plaintiff had used said crosswalk, in going from her residence in that vicinty to the business section of the city and in returning, for several months; that she knew of such defective condition and had noticed it two days previous to the time of the accident, and knew that it was in substantially the same crumbled, broken and cracked condition when she saw it two days before the accident as it was on the day of the accident, but it does not appear from her evidence that she knew or realized that it was dangerous to use the cross- walk.

It is apparent that a jury question was presented as to whether, considering the knowledge she had of the condition of the crosswalk, she exercised reasonable and ordinary care while using the crosswalk.

But as to that question, the evidence is not such as to enable us to determine, as a matter of law, that she was guilty of contributory negligence by failing to use the degree of care she should have exercised while using the crosswalk.

However, the question urged by counsel and which we are considering, is as to whether the knowledge which plaintiff had of the crossing was such as to warrant the court in saying that she was guilty of contributory negligence in attempting to use the crossing; that is, whether her knowledge was such that she took the risk of such injuries as might result to her in using the crosswalk.

Counsel for defendant have cited and commented upon certain Ohio Supreme Court decisions which it is claimed establish that plaintiff did assume said risk, and opposing counsel have cited and commented upon another group of cases which they claim establishes a rule under which she did not assume such risk,

It seems to us that, in the case of **Highway Construction Co. v Sorna, 122 Oh St 258**, the Supreme Court has attempted to set forth the distinction which obtains in reference to these two groups of cases, and that distinction is this: that such risk is not assumed as a **matter of law** unless the user of the crosswalk knows, not only in a general way of the defect in the crosswalk, but also that it is dangerous to use the crosswalk in that condition, and, notwithstanding such knowledge, voluntarily uses it; if the user knows of the defective condition of the crosswalk but does not know that it is in a dangerous condition, and such dangerous condition is not obvious to one with the user's knowledge of the crossing, then such user does not, as a **matter of law** assume the risk of injuries sustained by him in using the walk.

Appying that rule to the evidence in this case, we are unable to find that the plaintiff assumed, as a matter of law, the risk of injury to herself which was the result of the use by her of said crosswalk, and, likewise, we are unable to determine that her knowledge of the condition of the walk was such as constituted the mere use of the crosswalk, by her, contributory negligence as a **matter of law**; in other words, whether, under all of the circumstances shown by the evidence, the plaintiff was negligent in attempting to use the crossing, as well as whether she was negligent while using the crossing, were questions of fact for the determination of the jury, rather than questions of law to be determined by the court.

As to the second error claimed, which has to do with the admission of certain testimony offered by the plaintiff and admitted by the court, we learn from the record that two photographs of the defective condition of the crosswalk, taken twenty days after the accident, were admitted over the objection and exception of the defendant.

It is first claimed that the pictures were so taken as to exaggerate and enlarge the

defects; but the record discloses that evidence was offered and admitted tending to show that such criticism of the pictures is not warranted, and we do not think that the photographs should have been excluded on that ground. Under the circumstances mentioned, the objection was to the weight rather than the competency of the evidence.

It is next claimed that the evidence was inadmissible because there was no evidence tending to prove that tne defective condition of the crosswalk was substantially the same when the pictures were taken as it was on the day of the accident; but the record discloses that competent proof of that fact was offered by the plaintiff and rejected by the court upon the objection of the defendant, and certainly the defendant cannot complain of the admission of the photographs on that ground.

As to the claimed error in the charge of the court, the record discloses that, at the request of the defendant, the court, before argument, charged upon the subject of plaintiff's assumption of risk, but did not charge anything in reference to the right of the plaintiff to use said crosswalk, or her duty to use ordinary care in using it, or on the subject of whether or not she was contributorily negligent in the manner in which she did use it.

In the general charge, however, the court undertook to charge upon the subject of the claim of the defendant that the plaintiff was guilty of contributory negligence.

On that subject the court, after charging that "the law imposes upon the city the duty of keeping the sidewalks and crosswalks open and in repair and in reasonably safe and suitable condition for pedestrians passing along the same," and that "it was the duty of the plaintiff as a pedestrian upon the crosswalk to exercise ordinary care in passing along over the crosswalk in question," charged that—

"It was, then, her right to go along and across the street on said crosswalk in reliance that the city had properly discharged its duty. She had a right to pass over said crosswalk in the belief that the city had performed its duty, and that its crosswalk was in a reasonable and suitable condition for her to pass over. That reasonable diligence on the part of the pedestrian over the crosswalk does not require that she shall be on the alert every moment searching for a defect here or there. It does not mean that at all. •Nor does it mean that she may shut her eyes and take her chance on

any possible condition of things. It is not that. It is relying upon the city's keeping its streets and crosswalks in a reasonably fair condition. She may walk along relying upon that condition of things, that supposed condition of things; she may proceed upon the theory that the crosswalk is in a reasonably safe condition, using that care and that discretion that prudent men are accustomed to use in passing over a crosswalk."

Counsel for the defendant excepted specifically to the foregoing part of the charge.

As applied to the facts in this case, said statement of the law was clearly erroneous. The plaintiff had passed over this crosswalk several times a week for several months and knew that it was out of repair and defective, and had noticed the defect just two days before the accident and knew that it had existed for a long time. It was therefore clearly erroneous to tell the jury that she had a right to use said crosswalk "in reliance that the city had properly discharged its duty," when the court had just previously told the jury that such duty was to keep its crosswalks open, in repair and free from nuisance.

Such error was emphasized when the court told the jury that "She had a right to pass over said crosswalk in the belief that the city had performed its duty, and that its crosswalk was in a reasonable and suitable condition for her to pass over." She did not have a right to assume that a condition existed which she had just testified she knew did not exist. The error was further emphasized by saying to the jury that the plaintiff could "walk along relying upon that condition of things, that supposed condition of things," which she testified she knew did not exist.

One may rely upon the assumption that another has performed his duty only when he does not know that such duty has not been performed.

Furthermore, the plaintiff having testified that she knew of said defective condition, she was called upon, in using said crossing, to use such care as persons of ordinary care having such knowledge would exercise; still the court charged that "she may proceed upon the theory that the crosswalk is in a reasonably safe condition, using that care and that discretion that prudent men are accustomed to use in passing over a crosswalk."

The care plaintiff was required to use depended upon the circumstances, and

could not be properly described without either a general reference to the circumstances, or a specific reference to the knowledge of the condition of the crosswalk which she testified she had.

We find nothing in what the judge said to the jury either before argument or in the general charge which clearly and explicitly stated the law to be contrary to the foregoing erroneous statement of the law; but if the charge did elsewhere state that, in using said crossing, it was the duty of the plaintiff to use such care as an ordinarily prudent person having the same knowledge that she had would use, we could not tell which instruction the jury followed.

This erroneous charge being explicit and couched in language which an ordinary juror would readily understand, was more likely to be followed than any other part of the charge having a general bearing upon the subject of contributory negligence that we have been able to find in the record.

The error in the charge which we have pointed out was in reference to a material matter, and, under the circumstances disclosed by the record in this case, we have no reasonable doubt but that said error was prejudicial.

**Railway Co., v Frye, 80 Oh St 289, p. 298.**

Lastly the claim is made that the judgment is manifestly against the weight of the evidence and was the result of passion and prejudice.

In view of the conclusion which we have reached in reference to the error in the charge of the court, we do not find it necessary or advisable to say anything upon this claim of error.

For error in the charge the judgment is reversed and the cause remanded.

FUNK and STEVENS, JJ, concur in judgment.