### ERB v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

No 2398. Decided Oct 8, 1937

R. R. Thombs, Youngstown, for appellee.
Vern B. Thomas, Law Director, Youngstown, and Wm. Lewis, Assistant Law Director, Youngstown, for appellant.

## OPINION

By NICHOLS, J.

Robert Erb, plaintiff-appellee, filed his action against the city of Youngstown claiming damages for personal injuries received when he was thrown from his motorcycle as he proceeded thereon in a general northerly direction on Fifth Avenue, a duly dedicated public thoroughfare of the city, his action being based upon the failure of the city to keep its streets in repair.

Plaintiff's petition alleged that the city, after notice or knowledge that the holes existed in the street, negligently failed to repair the same and to make the street reasonably safe for public travel in the usual and ordinary mode thereof, and failed to warn plaintiff and others in the lawful use of the street of the presence of the two holes therein by placing thereon or thereabout signs, barriers or warning lights.

The answer of the city admits that it is a municipal corporation and that Fifth Avenue is a duly dedicated thoroughfare within its corporate limits; and denies all other allegations of plaintiff's petition.

The trial resulted in a verdict and judgment for plaintiff in the sum of $8,600.00. The city prosecutes appeal on questions of law to this court.

In substance, the record discloses that on July 24, 1934, at about seven o'clock P. M. plaintiff was riding on his motorcycle in a northerly direction on the right hand side of Fifth Avenue at a speed of about thirty miles per hour; that he had not been in that neighborhood for over a year and did not know that the holes were in the street; that as he came to the approach of a bridge crossing a ravine he observed, about thirty feet ahead of him, one of these holes; that he attempted to slacken the speed of his motorcycle and avoid running into the first of these holes; that before he could get his motorcycle stopped he ran into the first hole, where upon his motorcycle got out of control, so that he could not avoid going into the second hole he was thrown off on to the pavement on his head, neck and back; that he was unconscious for about four and one-half days, and that he is still disabled as a result of the injuries received by him at that time.

The evidence further discloses that the holes in the street were about four feet in breadth, six to eight inches in depth, and extended practically across the entire right side of the street in the direction in which plaintiff was traveling; and that the holes were about fifteen feet apart.

Appellant sets forth three grounds of error of the trial court, under which it claims that the testimony of plaintiff showed contributory negligence upon his part, directly and proximately contributing to his injury, which required the trial court, upon motion of the defendant seasonably made and renewed throughout the trial, to render final judgment in favor of defendant. It is further contended by appellant that the trial court erred in its charge to the

jury, and the verdict of the jury is excessive.

Appellant's claim of contributory negligence arises solely upon the fact that plaintiff himself testified that as he rode northerly upon this highway, approaching the bridge before mentioned, he could see a distance of at least two hundred feet and that he did actually see the holes in the street thirty feet before he ran into the first hole.

After reviewing all the evidence in the record, we are satisfied that this evidence presented simply a question for the jury as to whether plaintiff was guilty of contributory negligence which was a direct and proximate cause of his injuries. We are unable to find that the verdict of the jury upon this question is manifestly against the weight of the evidence, and since it was evidence upon which reasonable minds could differ upon this subject, the trial court did not err in overruling defendant's motions for directed verdict and in submitting the question to the jury under proper instructions upon this point.

It is further claimed by appellant that the trial court erred in giving to the jury before argument plaintiff's written request to charge, which charge was in substance repeated in the general charge to the jury.

"I say to you, ladies and gentlemen of the jury, that the plaintiff had the right in law to assume that the defendant herein the city of Youngstown, would obey the law and would keep the street, at the time and place in question, open, in repair and free from nuisance, and that the street at the time and place in question would be reasonably safe for public travel."

Appellant's objection to this charge is that the court did not take into consideration the testimony of the plaintiff himself wherein he admitted that he saw the first hole in the street when he arrived at a point thirty feet distant therefrom. Stated in another way, appellant claims that this special request, as well as the general charge of the court, should have been conditioned by the incorporation of the words, **in the absence of knowledge** by the plaintiff of the defective condition of the street he had the right to assume that the city had obeyed the law and kept its street in repair and free from nuisance.

Appellant particularly relies upon certain cases, to which we are cited, the first of which is **Adams v City of Zanesville, 14 Oh Ap 53**, the syllabus of which case is as follows:

"An action does not lie against a municipality for injuries received by a pedestrian on a defective sidewalk, where it appears from the testimony that the plaintiff was fully aware of the condition of the walk and attempted to pass over it regardless of the danger."

That case is easily distinguished from the case at bar in that there the plaintiff was "fully aware" of the defective condition and attempted to pass over it regardless of the known danger. Plaintiff in that case was a pedestrian; whereas the plaintiff here was riding upon an instrumentality traveling at a lawful rate of speed, but at such speed it could not be said that he was fully aware of the defective condition of the street but nevertheless proceeded to pass over it. The evidence is that plaintiff attempted to avoid the danger as soon as discovered by him.

Another case cited to us by appellant is that of **City of Lorain v Griffith, 50 Oh Ap 505 (18 Abs 636)**, the syllabus of which is as follows:

"Where a person who uses a crosswalk within a municipality knows, or is otherwise charged with knowing, not only in a general way of defects in the crosswalk, but also that it is dangerous to use it in the condition in which it is, he assumes the risk of injury by such user; but where such person although knowing that the crosswalk is in a defective condition, does not know, and is not otherwise charged with knowing that it is dangerous to use it in the condition in which it is, he does not, as a matter of law, assume the risk of injury by such user."

In the opinion in the last cited case it is stated:
"One may rely upon the assumption that another has performed his duty only when he does not know that such duty has not been performed."

In the case at bar the trial court clearly charged the jury in the general charge that plaintiff's right to recover was conditioned upon the jury finding plaintiff to be free from any negligence directly contributing to bring about his own injuries, and that he was required to exercise that degree of

care which men of ordinary prudence are accustomed to use and employ under the same or similar circumstances; and further that if he used that care and discretion that prudent men are accustomed to use in passing along a highway, he had the right to rely upon the assumption that the city had properly discharged its duty.

It seems to us that if the trial court had conditioned the special request to charge by incorporating therein words to the effect of limiting plaintiff's right to recovery to absence of knowledge upon his part of the defective condition of the street, the jury might have been misled by this statement to believing that plaintiff was not entitled to recover because he first saw the defective condition of the street when but thirty feet away.

We conclude that under the circumstances of this case as disclosed by the record, the charge in question was not prejudicially erroneous. We think that knowledge upon the part of plaintiff of a defective condition of the street, making it dangerous for him to proceed thereon, means knowledge in time to avoid the accident by the exercise of ordinary care; and that, after all, the question in this case upon that subject was solely one of contributory negligence to be determined by the jury.

The most serious matter brought to our attention upon the state of this record is the amount of the verdict rendered by the jury. Plaintiff received some considerable injury at least temporarily disabling him, as shown by the fact that he was rendered unconscious for about four and one half days. However, plaintiff's own physician testified that he had made a very good recovery, and the testimony discloses that plaintiff lost only two months wages and that he is earning more wages since the injury than before. His hospital bill and medical expenditures amounted to approximately $250.00. There was some testimony that plaintiff had suffered a fracture of the skull, but the X-ray has not shown this. The ear drum was ruptured but there is little, if any, defect in hearing. Plaintiff suffered considerable pain for a time and still suffers from headaches at times.

From our examination of all the testimony relating to the pain and disability suffered by plaintiff, loss of wages, medical and hospital bills, we find and hold that the verdict of the jury is manifestly against the weight of the evidence as to the amount thereof; that such verdict is ex-cessive but not by reason of bias and prejudice; that the judgment of the Common Pleas Court be reversed unless plaintiff accepts a remittitur of $2,600.00 in the amount of the verdict, but if plaintiff accept such remittitur the judgment of the Court of Common Pleas be affirmed.

ROBERTS and CARTER, JJ, concur.